The opinion of the Court was delivered by
Cheves, J.
It is very clear, that it is necessary to the validity of a parol gift, that it be accompanied by delivery of possession; (2 Black. Com., 44;) and the Court has *no disposition to weaken the authority of this rule. The present case seems to furnish us with an admonition of its value. Here a single witness, the daughter of the defendant, establishes a gift to her father and mother, and their children, except the witness, (who, with a prophetic anticipation of the usefulness of her testimony, is denied a participation in the bounty of her uncle,) which is to exclude the donor’s father and mother, and eight or nine brothers and sisters, and their issue, without a suggestion, that the usual feelings of nature had been checked in their current towards any of them. It is, indeed, said by the same witness, that a brother-in-law, to whom he intended to give the whole of them, (another extraordinary caprice of feeling,) had offended him, and that for this reason he meant to give them all to the defendant and his children. The whole may be true, but *132 the whole seems to be infinitely improbable; and as such testimony might easily be fabricated, the law seems wisely to have provided that the solemnity of delivery shall be necessary. In this case, there was no delivery. The negroes were not 'present. The subsequent possession of the negroes, though it had been under the gift, being the mere act of the defendant, could not supply the place of delivery. But the possession was obviously under the contract of hiring for the year 1813, and not under the gift, which was not to take effect immediately, but depended on two contingencies, viz.: the return of the donor to that neighborhood, and his death; either of which happening, it would never take effect.
jErvin, for the motion. Richardson, Attorney-General, contra,
On the ground, then, that there was no delivery, the alleged gift was void, and a new trial must be granted on that ground.
Grimke, Colcock, Nott, Gantt and Johnson, JJ., concurred.